Dear Constable Trascher:
This office is in receipt of your opinion request in which you ask the following:
 1. What is the territorial jurisdiction for the Constable in the 8th Ward of St. Tammany Parish? This concern is prompted by the congruent jurisdiction of the Slidell City Court. The entire population of the 8th Ward cannot vote for this office.
 2. Regarding Writs of Sequestration, when a J.P. issues a Writ of Sequestration, there are costs involved in seizing and storing the property. (An example of this would be storing furniture or an automobile.) As Constable, do I collect these costs from the Court or parties involved? Who should pay these expenses?
 3. Does the office of the Constable and the Justice of the Peace have to be located in the District or Ward in which he is elected?
Regarding the jurisdiction of the 8th Ward Justice Court, R.S.13:2487.1 states:
 The offices of justice of the peace and constable in Ward 9 and that part of Ward 8 of St. Tammany Parish within the city of Slidell and the mayor's court in the city of Slidell are abolished, and there is hereby established a court to be styled a City Court of Slidell, Louisiana. The territorial jurisdiction of the court shall extend throughout Ward 8 and Ward 9 of St. Tammany Parish. In that part of Ward 8 outside of the city of Slidell, the subject matter jurisdiction of the Eighth Ward Justice of the Peace Court shall be the same as provided by law for other justice of the peace courts. The jurisdiction of the mayor's court for the town of Pearl River, Louisiana shall remain unchanged and unaffected by the provision of this Section. The City Court of Slidell shall be composed of a city judge, a marshal, and a clerk of said court. The judge and marshal of the city court shall be elected at the congressional election every six years thereafter.
Per the above cited statute, the justice of the peace and constable for the Eighth Ward Justice Court of St. Tammany Parish have jurisdiction only in that part of Ward 8 which is outside the city limits and city court jurisdiction of the City of Slidell.
Regarding Writs of Sequestration and costs involved therein, R.S.33:1706 states as follows:
 Constables may seize and sell movable and immovable property, under writs of justices of the peace, the same as the sheriffs may do.
Code of Civil Procedure Art. 3507.1 regarding security and costs in a Writ of Sequestration states:
 Property seized under a writ of attachment or of sequestration may be released to the plaintiff upon proof of his ownership and upon furnishing security as required by Article 3508. All costs incurred as a result of the seizure shall be paid by the plaintiff prior to the release of the property. A written agreement to hold the seizing authority harmless for wrongful seizure of property which is not seized to enforce a security interest, mortgage, lien or privilege may be substituted in lieu of security at the discretion of the sheriff.
The amount of security required under a Writ or Attachment of Sequestration is set forth in Art. 3508 which states:
 The security for the release of property seized under a writ of attachment or sequestration shall exceed by one-fourth the value of the property as determined by the court, or shall exceed by one-fourth the amount of the claim, whichever is the lesser.
Also, note R.S. 13:3879 regarding seizure of vessels or watercraft which states:
 In all cases before any justice of the peace, where a writ or order of attachment, sequestration, or final seizure has been issued, under which any vessel, steamer, or other watercraft is being placed in the hands of any constable, the said vessel, steamer, or other watercraft shall not be subject to any other costs than those accrued on the first writs so issued. Any other writ or order of attachment or final seizure shall be levied on the first writ or order in the hands of the constable without any other costs whatever.
As per the fee schedule for a justice of the peace court found in R.S. 13:2590(5), a justice of the peace may receive $30.00 and $10.00 per additional defendant for a Writ of Sequestration. Per R.S. 13:2590(B), 50% of that amount, $15.00 and $5.00 per additional defendant in this case, shall go to the constable to be used for fees and operational expenses of the constable's office. In addition to this fee as per Code of Civil Procedure Article 3507.1, cited above, the costs incurred as a result of the seizure shall be paid by the plaintiff prior to the release of the property. Thus if there are costs involved in seizing and storing the property, the justice of the peace would collect this money as the cost of court and then remit this amount to the constable for payment of such expenses.
Regarding a Sequestration before the rent is due in a lease, La. Code of Civil Procedure Art. 3572 taxes the costs to the plaintiff if the rent is paid when it becomes due. This article states:
 A sequestration based upon a lessor's privilege may be obtained before the rent is due, if the lessor has good reason to believe that the lessee will remove the property subject to the lessor's privilege. If the rent is paid when it becomes due, the costs shall be paid by the plaintiff.
Regarding the location of the office of justice of the peace and constable, please note the general jurisdiction statute for a justice of the peace court as found in Code of Civil Procedure Art. 4911—4925. Code of Civil Procedure Art. 4912 gives the justice of the peace jurisdiction only "within its territorial jurisdiction". As the justice of the peace only has jurisdiction within the ward from which he is elected, his court must be held in the ward or district from which he is elected so that he may properly exercise his jurisdiction over the cases to be heard. There would be no prohibition in having another office separate from where the justice of the peace holds court as long as his court is held within the district or ward from which he was elected. Note that a justice of the peace need only reside in the parish from which he is elected and not necessarily in the ward or district from which he is elected. As there is not a need for parties to meet at the office of the constable, there is no requirement that the constable maintain a separate office. Note that he should, however, keep his official records in an orderly manner.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb